UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **MICHAEL COLLINS,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**GRANT COUNTY SHERIFF'S** )<br>**DEPARTMENT, et al.,** )<br>)<br>**Defendants.** ) | **CAUSE NO. 1:04-CV-408** |

**OPINION AND ORDER**

**I. INTRODUCTION**

Plaintiff Michael Collins, who appears *pro se*, alleges in this suit that various state and local police departments subjected him to an illegal search and seizure of his property when investigating a suspected methamphetamine lab. He also claims that the defendants have unlawfully retained possession of his seized property in violation of a state-court order commanding them to return it.

Now before the Court are several discovery motions filed by Collins against various defendants. For the reasons given below, his motion to compel interrogatory responses from Defendant Indiana State Police ("ISP") (Docket # 45) will be GRANTED, his motion to compel documents from ISP (Docket # 46) will be GRANTED in part and DENIED in part, his motion to compel interrogatory responses and documents from Defendants Grant County Sheriff's Department and JEAN Team Task Force (collectively, "the Grant County defendants") (Docket # 57) will be GRANTED, and his "Motion to Default" ISP (Docket # 60) will be DENIED as moot.

## II. ISP'S RESPONSES TO INTERROGATORIES

Federal Rule of Civil Procedure 33 empowers a party to serve written interrogatories on another party, and imposes a duty on the served party to answer each interrogatory "separately and fully." Fed R. Civ. P. 33(a), (b). The served party's duty to fully answer a particular interrogatory is relieved only if it makes a valid and timely objection. Fed. R. Civ. P. 33(b). If the served party is unable to supply the requested information, it cannot refuse to answer, but must state under oath that it is unable to provide the information and describe its efforts to obtain the information. *Hansel v. Shell Oil Corp.*, 169 F.R.D. 303, 305 (E.D. Pa. 1996); *see also* 7 James Wm. Moore, et al., *Moore's Federal Practice* ¶ 33.102[3] (3rd ed. 2003).

Here, Collins disputes ISP's responses to two of his interrogatories. (*See* Docket # 45.) The first is Interrogatory # 5, which asks ISP to "list and describe" each item the defendants or their agents "searched, seized, and/or confiscated illegally or otherwise" from Collins's property, and for each such item, to "list [its] location, status, and final disposition." ISP objected to "the form of [this] question," stating that ISP "den[ies] searching or seizing anything illegally." Despite its objection, ISP answered the interrogatory by pointing Collins to a set of documents it produced in response to another discovery request; these documents include a "Field Technician Report," some handwritten notes, a "Hazard Assessment and Recognition Plan," and a "National Clandestine Laboratory Seizure Report," all of which seem to relate to the raid on Collins's property.

Collins's motion to compel argues that (1) ISP's objection is without merit; (2) the documents referenced give only an incomplete list of the items seized from his property; and (3) for the items that are listed, ISP failed to identify a "location, status, and final disposition" as the

interrogatory requested. Collins's first argument is correct. The interrogatory asks about items that were "searched, seized, and/or confiscated illegally *or otherwise*" (emphasis added), so there is nothing wrong with the form of the question – that is, it does not necessarily imply that ISP acted illegally. Thus, ISP's objection is overruled.

As to the second point, ISP claims in its response that the list of items seized is complete, but Collins insists that it is not. The Court has no way of knowing which party is correct, but there is a simple way to settle the dispute. ISP must do one of two things: (1) if there are more confiscated items than previously disclosed, it must supplement its response to Collins's interrogatory pursuant to Rule 26(e)(2); or (2) if all confiscated items have been disclosed, an authorized representative of ISP must execute an affidavit stating under oath that it and its agents did not "search, seize, and/or confiscate anything illegally or otherwise" other than the items listed in its previous discovery responses. *See Hansel*, 169 F.R.D. at 305.

On the third point, Collins is correct – ISP's response fails to "give the location, status, and final disposition" of the items it does disclose. Accordingly, ISP must supplement its response to remedy this deficiency.

The other disputed interrogatory is # 6, which asks:

> For each item listed in interrogatory No.5 state all evidence and facts upon which
> the defendants base their authority to search, seize, and confiscate said property.
> Per each item also state all evidence and facts upon which the defendants base
> their authority to convert, control, and/or dispose of said property in defiance to
> the courts order for the return of said property dated February 2, 2004.

ISP again objected, calling this "an argumentative compound question that assumes facts neither established in the record nor admitted by the defendant." Its objection notwithstanding, ISP again answered the question by simply directing Collins to the document production referenced

above.

Collins argues that (1) ISP's objection is meritless; and (2) the referenced documents are non-responsive. He is correct on both counts. As to ISP's objection, the interrogatory is not "argumentative" – it requests "evidence and facts," not legal theories or argumentation.[1] And interrogatories are allowed to be "compound," as Rule 33(a) explicitly contemplates that they may have subparts. Finally, to the extent that the interrogatory assumes unproven facts, there is no reason why ISP cannot explain that in its response. Therefore, ISP's objection is overruled.

Moreover, the Court has reviewed the documents which ISP proffered to Collins, and there is nothing in them that is even remotely responsive to Interrogatory # 6. Thus, ISP must supplement its answer to make it responsive.

For all of these reasons, Collins's motion to compel interrogatory responses from ISP (Docket # 45) is granted.

### III. ISP'S DOCUMENT PRODUCTION

Federal Rule of Civil Procedure 34 empowers a party to serve on any other party a request to produce "any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a). Here, two of Collins's requests for documents are disputed.

Request # 5 asks for "[a]ll reports of any State or local agencies with regard to the illegal search and [seizure]" of Collins's property. ISP again objected to "the form of the question," but nonetheless responded by producing the set of documents discussed in Part II, *supra*. Collins believes that ISP's objection is meritless and that the reports produced are "but a fraction" of

---

[1] In other words, Collins is not asking ISP to provide a legal theory entitling it to search and seize his property. Rather, he is asking for evidence of its authority to do so, such as (for example) a valid search warrant.

"the voluminous quantity of State and Local reports associated with this cause of action."

The Court finds that ISP's objection is moot, as it proceeded to respond to the request after lodging its objection.  As to the adequacy of its response, the Court rules as it did on Interrogatory # 5, *supra*: ISP must either (1) supplement its response (if more responsive documents exist, as Collins alleges); or (2) execute an affidavit stating under oath that there are no responsive documents in its possession, custody, or control, other than those already produced.  *See Fishel v. BASF Group*, 175 F.R.D. 525, 531 (S.D. Iowa 1997) ("Even if there are no [responsive] documents, plaintiff is entitled to a response as required by Fed. R. Civ. P. 34(b)"); *see also* Grening, Jay E. & Jeffrey S. Kinsler, *Handbook of Federal Civil Discovery and Disclosure* § 9.40 (2nd ed. 2002).

The other disputed document request is # 7, in which Collins asks for "[a]ll documents regarding policies or practices or procedures of authorities named as defendants in this cause of action."  ISP responded to this request as follows: "A copy of the Indiana State Police Departments Directive Manual is available to the plaintiff for inspection and copying."  Collins, who is currently incarcerated and thus unable to personally inspect the Manual, wants ISP to provide him with a copy.

In its response to his motion, ISP states that it is willing to copy the Manual and ship it to Collins, but that he must pay a $25.90 copying fee (the Manual exceeds 1,100 pages).  Collins pleads poverty, but this argument is unavailing.  "Rule 34 allows the plaintiff 'to inspect and copy' relevant documents and does not require a responding party to pay for copying costs of voluminous materials."  *Obiajulu v. City of Rochester, Dep't of Law*, 166 F.R.D. 293, 297 (W.D.N.Y. 1996); *see also* 7 *Moore's* ¶ 34.14[5].  If Collins wants a copy of the Manual, he will

have to pay the copying costs requested by ISP.[2]

For these reasons, Collins's motion to compel document production (Docket # 46) is GRANTED in part and DENIED in part.

### IV. COLLINS'S "MOTION TO DEFAULT"

While Collins's two motions to compel against ISP were briefing out, he also filed a document styled as a "Motion to Default" regarding ISP. (Docket # 60.) However, the body of the document does not actually request a default or a default judgment against ISP, nor would one be appropriate. *See* Fed. R. Civ. P. 55. Rather, the motion is redundant of Collins's two motions to compel against ISP, as it simply rehashes the arguments made therein. Since those arguments are fully addressed *supra*, the "Motion to Default" is moot and will be denied.

### V. THE GRANT COUNTY DEFENDANTS' PRODUCTION

Also pending is Collins's motion to compel both interrogatory responses and documents from the Grant County defendants. (Docket # 57.) The motion is unopposed, as the Grant County defendants failed to file a response by the deadline.

Collins served interrogatories and requests for document production on the Grant County defendants on December 27, 2004 (Docket # 19, 20), making the responses due on January 31, 2005, *see* Fed. R. Civ. P. 6(a), (e), 33(b)(3). The Grant County defendants moved for an extension of time on January 21, 2005 (Docket # 31), and the Court granted them until February 23 (Docket # 34). The Grant County defendants moved for a second extension on February 23

---

[2] It seems that Collins could, if he wishes, cut down on the copying costs by limiting the scope of his request. The language of Request for Production # 7 is quite broad, demanding documents on *all* of ISP's "policies or practices or procedures." Conceivably, Collins could amend his request so that it only asked for "policies or practices or procedures regarding the search, seizure, and retention of private property" – a request which more narrowly focuses on the issues in this case – and save on copying fees.

(Docket # 41), and the Court granted them until March 5 (Docket # 42).  March 5 came and went, with no production nor motion for a further extension.

On March 25, the Grant County defendants moved for permission to file their responses to Collins's document requests manually rather than electronically, due to their volume.  (Docket # 54.)  The Court granted the motion and ordered the production to be complete by April 8.  (Docket # 55.)  On the same day, March 25, Collins filed a motion to compel responses from the Grant County defendants, both to his interrogatories and his document requests.  (Docket # 57.)

It is now past April 8, and the record shows that the Grant County defendants have not responded to any of Collins's discovery.  Thus, they have violated both (1) the Court's order to respond to the document requests by April 8; and (2) the Court's order to respond to the interrogatories by March 5.  Accordingly, Collins's motion to compel is granted, and the Grant County defendants must fully respond to his interrogatories and document requests by April 29, 2005, or face Rule 37 sanctions.

## VI. CONCLUSION

In summary:

1. Collins's motion to compel interrogatory responses from ISP (Docket # 45) is GRANTED.  ISP is ORDERED to, on or before April 29, 2005:

    a. Either supplement its answer to Interrogatory # 5, or execute an affidavit stating under oath that the defendants and their agents did not "search, seize, and/or confiscate anything illegally or otherwise" other than the items listed in its previous discovery responses;

    b. Supplement its answer to Interrogatory # 5 to indicate the "location, status, and

      final disposition" of all items disclosed; and

    c.    Supplement its answer to Interrogatory # 6 so as to adequately respond to it.

2.    Collins's motion to compel documents from ISP (Docket # 46) is GRANTED in part and DENIED in part. ISP is ORDERED to, on or before April 29, 2005, either supplement its response to Request for Production of Documents # 5, or execute an affidavit stating under oath that there are no responsive documents in its possession, custody, or control, other than those already produced.

3.    Collins's "Motion to Default" (Docket # 60) is DENIED as moot.

4.    Collins's motion to compel against the Grant County Sheriff's Department and JEAN Team Task Force (Docket # 57) is GRANTED. Those defendants are ORDERED to fully respond to Collins's interrogatories and document requests on or before April 29, 2005, under penalty of Rule 37 sanctions.

SO ORDERED.

Enter for this 20th day of April, 2005.

          /S/ Roger B. Cosbey
          Roger B. Cosbey,
          United States Magistrate Judge