UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| MICHAEL COLLINS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO.  1:04-CV-408 |
| GRANT COUNTY SHERIFF'S DEPARTMENT, et al., | ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Three motions for summary judgment have been filed in this civil rights case, brought by *pro se* Plaintiff Michael Collins under 42 U.S.C. § 1983: the first one by the Marion Police Department, followed by one from the Grant County Defendants, and a final one by the Indiana State Police.[1]  What brings the matter before the Court now are two motions filed by Collins. (DE # 95, 96.)

In his first motion (DE # 95), Collins asks for fourteen more days to respond to the motion for summary judgment filed by the Marion Police Department.  His motion, mailed August 8, 2005, makes no mention of the other two motions for summary judgment, because they had not yet been filed or served.

In any event, Collins's motion is well-taken, and because he is now facing two more motions for summary judgment, the Court will grant him even more time to respond than he

---

[1]It appears that only the Marion Police Department and the Grant County Defendants complied with Local Rule 56.1(e) by providing the requisite notice upon Collins, a *pro se* plaintiff.  Nevertheless, the provisions of those notices (except for the time for Collins's response) apply equally to the motion filed by the Indiana State Police. Therefore, the Indiana Attorney General will not be required to serve a separate notice.

1

initially requested. Moreover, so that Collins can respond to all of the pending motions at the same time, the Court will establish just one deadline date, October 11, 2005, for all of his responses. Since this is a generous allotment of time by any measure, the Court does not expect to receive any request from Collins for additional time.

In Collins's second motion (DE # 96), he asks that the Court Clerk copy and provide him with his transcribed deposition, as well as the depositions of C. Robert Rittman and Jerry Downs. The Court denied this same request when Collins made it on June 20, 2005. *(See* June 21, 2005, Order.) Stated simply, the general rule is that indigent litigants, those proceeding *in forma pauperis* under 28 U.S.C. § 1915, initially bear their own litigation costs. *Tabron v. Grace*, 6 F.3d 147, 159 (3rd Cir. 1993). This means that plaintiffs like Collins are generally not entitled to free copies of transcripts of depositions taken by defendants. *Id.*

Of course, the Court could, in the exercise of its inherent equitable powers, order Defendants to provide Collins with copies. *Id*. But Collins gives us no basis for exercising such discretion, suggesting only that he needs the transcripts for trial, not for responding to the motions for summary judgment. (*See* Mot. for Transcribed Copy of Deps. ¶ 4). Moreover, Defendants have attached a significant number of pages from all three requested depositions, and therefore it would appear that Collins already has the materials he is requesting. If, however, by some chance, a critical page or two is missing from the record, such that Collins believes that the record as presented is misleading, he may ask Defendants, with particularity, to supplement the record with the missing page(s). If that request is refused, he may bring the matter to the Court's attention.

It is therefore ORDERED that the motion for an extension of time (DE # 95) is

GRANTED, and Collins shall have to and including October 11, 2005, to respond to all three pending motions for summary judgment. The motion for copies of deposition transcripts (DE # 96) is DENIED.

Enter for August 22, 2005.

S/Roger B. Cosbey  
Roger B. Cosbey,  
United States Magistrate Judge