UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| MICHAEL COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:04-CV-408 WCL |
| | ) | |
| GRANT COUNTY SHERIFF'S | ) | |
| DEPARTMENT, JEAN TEAM TASK, | ) | |
| FORCE, MARION POLICE | ) | |
| DEPARTMENT, and INDIANA STATE | ) | |
| POLICE, | ) | |
| | ) | |
| Defendants | | |

**MEMORANDUM OF OPINION AND ORDER**

This matter is before the Court on three Motions for Summary Judgment filed by the Defendants on August 2, August 10, and August 15, 2005 as well as motions to strike filed by Defendants Marion Police Department (individually, "the City") and Grant County Sheriff's Department (individually, "the County"). Plaintiff, *pro se*, responded to all of the summary judgment motions on October 19, 2005. Defendants submitted replies on November 21, 2005 along with motions to strike. Briefing was completed on all motions on December 26, 2005. For the following reasons, the motions for summary judgment will be GRANTED with respect to plaintiff's claims under 42 U.S.C. § 1983. With respect to plaintiff's state law claims, the same will be dismissed. The motions to strike will be denied as MOOT.

**Factual Background**

Generally, the record reflects that Plaintiff, Michael Collins ("Collins") was arrested on April 18, 2003 on a variety of criminal charges associated with the murder of Michelle Jaynes in Marion,

1

Indiana. A jury convicted him of murder, criminal confinement, abuse of a corpse, arson, pointing a firearm, and being a felon in possession of a firearm. Collins was further adjudicated a habitual offender and sentenced to 144 years imprisonment.[1] On appeal, the murder conviction was reversed and Collins is presently incarcerated awaiting retrial on that charge.

During the investigation leading to Collins' arrest, authorities were summoned to 2681 South 400 East in Marion, Indiana. Collins resided at this address along with the homeowner, Jerry Downs ("Downs").[2] Downs had contacted police to report that he witnessed Jaynes' murder. Based upon the information provided by Downs,[3] detective Nathan McBee of the Marion Police Department sought, and was eventually granted, a search warrant for 2681 South 400 East as well as 2681 ½ South 400 East.[4]

The home is a ranch-style home with an upstairs apartment located over the attached garage. The garage apartment has a separate entrance with a separate address labeled as 2681 ½, but according to Downs, the garage apartment is not considered to be separate from the main residence. Collins had access to the main residence at will and had keys to the main residence.

---

[1] The facts of the criminal charges upon which Collins was tried are set forth by the Indiana Court of Appeals in *Collins v. State of Indiana*, 826 N.E.2d 671 (Ind.Ct.App. 2005). The Indiana Court of Appeals reversed Collins' murder conviction for which Collins is awaiting retrial. He continues serving his sentence on the remaining felony counts of conviction.

[2] Downs and Collins met each other while they were incarcerated on unrelated federal prison sentences.

[3] Downs indicated that he had witnessed the murder and was concerned that Collins would return to the residence and harm him and the other occupants, including a minor child residing in the home. During a protective sweep of the residence, detective McBee, saw, in plain view, materials for making methamphetamine as well as other evidence of drug activity.

[4] The record is unclear, but it appears that the search warrant was invalidated and a motion to suppress the methamphetamine evidence seized pursuant to the search was granted in Collins' criminal proceedings. The details underlying the suppression motion and accompanying proceedings have not been presented to the court and are not relevant in the present case.

A pole barn is also located on the property. Downs owned a 1998 Road King Harley Davidson motorcycle that he stored in the barn. Although there are disputes in the record, Collins contends that he also kept a 1999 Harley Davidson Road King motorcycle in the pole barn which he made with parts partially provided by Downs and partially purchased from a motorcycle shop. Downs denies that Collins kept a motorcycle in the pole barn or anywhere on the property or that he provided parts to Collins to build a motorcycle. The sole documentation provided by Collins to support his claim of ownership of the motorcycle are two undated and unauthenticated photographs of a motorcycle. Other than this evidence, he has no documentation to support his claim that he either owned or kept a motorcycle in the pole barn at the time of the search.

During execution of the search warrant, members of the County, the City, the Indiana State Police, and the Jean Team Drug Task Force removed certain items from the premises and the pole barn deemed to be contraband and/or evidence and placed the items in an evidence storage locker at the Grant County Sheriff's Department. Included in the evidence seized were items suspected of being used to produce methamphetamine including pseudoephedrine, lithium metal, ether, sulfuric acid, sodium chloride, muriatic acid, and organic solvents. These items were later destroyed by the Indiana State Police. Collins does not, however, seek compensation for these items and has specifically indicated that his only concern in the present lawsuit is for "My personal ritual items, my books, and my bike." (Collins Dep. at pp. 149-150).

The ritual items and books to which Collins refers appear to be related to his involvement in the Aryan Nation, a white supremacist group and/or Odinism, a white supremacist religious group. Collins has submitted an exhibit listing personal property he claims is unreturned. (See Exh. A-1). However, there are numerous affidavits from the defendant agencies indicating that they have

3

none of the items listed in Exhibit A-1 nor were any of these items seized during the search. (See Affidavit of Ed Beatty, Affidavit of Bill Norton, Affidavit of Mike Andry, Affidavit of James Albertson). There are also no records kept by any of the defendants indicating that a 1999 Road King Harley Davidson motorcycle was seized from the pole barn or confiscated by any of the defendant agencies. (Affidavit of Reggie Nevels, Exhibit D, ¶s 2, 5).

In February 2004, Collins, through Attorney Rittman, filed a Motion for Return of Property in state court wherein Collins sought the return of all items taken from his person and from his residence at 2681 South 400 East that were not evidence or considered contraband. The state court granted this Motion and a box of Collins' belongings, including literature, was released to Attorney Rittman on May 27, 2004. According to Attorney Rittman, he turned this box of items over to Collins' girlfriend. The whereabouts of these items is presently unknown.

Based upon these facts, Collins sued the Defendants seeking return of the items listed in his Exh. A-1, and specifically his 1999 Harley Davidson Motorcycle.

### Application of Law

Plaintiff claims that the actions of the defendants violated his constitutional rights under the First, Fourth and Fourteenth Amendments in violation of 42 U.S.C. § 1983. In addition, he asserts various state law tort claims. After review of the standards governing summary judgment, the claims will be considered in turn under separate headings.

### Summary Judgment Standards

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P.

56(c). However, Rule 56(c) is not a requirement that the moving party negate his opponent's claim. *Fitzpatrick v. Catholic Bishop of Chicago*, 916 F.2d 1254, 1256 (7th Cir. 1990). A scintilla of evidence in support of the non-moving party's position is not sufficient to successfully oppose summary judgment; "there must be evidence on which the jury could reasonably find for the plaintiff." *Id*. at 2512; *In Re Matter of Wildman*, 859 F.2d 553, 557 (7th Cir. 1988); *Klein v. Ryan*, 847 F.2d 368, 374 (7th Cir. 1988); *Valentine v. Joliet Township High School District No. 204*, 802 F.2d 981, 986 (7th Cir. 1986). No genuine issue for trial exists "where the record as a whole could not lead a rational trier of fact to find for the nonmoving party." *Juarez v. Ameritech Mobile Communications, Inc.*, 957 F.2d 317, 322 (7th Cir. 1992)(quoting *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356 (1986)).

Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute because the issue of fact must be genuine. Fed. R. Civ. P. 56(c), (e). To establish a genuine issue of fact, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586, 106 S.Ct. at 1356; *First National Bank of Cicero v. Lewco Securities Corp.*, 860 F.2d 1407, 1411 (7th Cir. 1988). The non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Id*. A summary judgment determination is essentially an inquiry as to "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52, 106 S.Ct. at 2512.

**Claim under 42 U.S.C. § 1983**

Section 1983 is not a source of substantive rights but instead provides "a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 114 S.Ct. 807, 811

(1994). To prevail on a claim under section 1983, plaintiff must therefore show "(1) the defendant deprived the plaintiff of a right secured by the Constitution and laws of the United States, and (2) the defendant acted under color of state law." *Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir. 1996); *see also, Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913 (1981); *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 1923 (1980).

Collins has sued the State Police, the City and the County solely in their official capacities contending that they negligently secured a crime scene, conducted an illegal search of the residence and retained his personal property. With respect to the State Police, the suit against it is the equivalent to asserting a claim against the state of Indiana. The United States Supreme Court has held that neither states nor state officials acting in their official capacities are "persons" within the meaning of section 1983. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Therefore, this suit is not authorized by federal statute as to the claims against the Indiana State Police Department. Accordingly, the extent Collins seeks monetary damages from the State Police, the State's Motion for Summary Judgment is GRANTED.

This leaves the City and County defendants in their official capacities. To establish liability against the city under 42 U.S.C. § 1983, Collins must show that: "(1) he suffered a deprivation of a federal right; (2) as a result of either an express municipal policy, widespread custom, or deliberate act of a decision-maker with final policy-making authority for the City or County; which (3) was the proximate cause of his injury." *Ineco v. City of Chicago,* 286 F.3d 994, 998 (7th Cir.2002).

The critical problem for Collins is that he hasn't raised a genuine issue of material fact with respect to any of the above requirements. There is no evidence that any of the Defendants violated a constitutional right. Collins asserts that the defendants have possession of his missing property

including a 1999 Harley Davidson Motorcycle, various ritual accouterments and literature related thereto.  And, while there is a factual question as to whether Collins owned a motorcycle and stored it in the garage (indeed, he testified that he did own such a motorcycle despite the absence of documentary evidence to support the claim), there is absolutely no evidence that any of the defendants ever had possession of it, seized it or in any way removed it from the garage.  Rather, the deputies of the Grant County Sheriff's department have submitted unrebutted affidavits indicating that the items listed in Collins' Exhibit A-1 were not removed by anyone at the  Collins admitted during his deposition that he has no idea who took the property he claims was stored in the pole barn.  (Exh. H pp. 149, 152).  Instead, Collins leaps to the conclusion that because he claims he stored a motorcycle in the garage, it must have been removed by one of the defendants.  There is simply no corroborating evidence to support that this occurred.  Moreover, Collins has not testified that he has personal knowledge that any of the defendants removed the motorcycle from the garage.  In fact, Collins described the nature of  his lawsuit in his deposition as follows:

>Q:  Do you have any personal knowledge as to whether any officer of the Marion Police Department ever had possession of any of the items you believe are missing?
>A:  Outside of the information that's contained within the reports of the search and seizure, and so on and so forth, no.

[Collins Dep. at 79-80].

>Q:  Are there any other particular claims that you are making specifically agains the Marion Police Department or any officer of the Marion Police Department...?
>A:  No sir.  Not outside the fact that, and this is the whole gist of the whole suit. That's all the entities involved in the illegal search and seizure.  Let's not even style it illegal search and seizure, let's just style it, search and seizure of my personal possessions, unincluded in the suit they were involved in it. Once again, I have no knowledge of who was the directing entity.  So, you know everybody that was involved in it has been included.

[Collins Dep. At pp. 100-101].

7

Based upon this testimony, Collins is merely speculating, first, that the defendants seized the items and second, that they continue to possess them. Neither of these conclusions is supported by any evidence in the record, not even Collins' own testimony.

Even more prejudicial to Colllins' section 1983 claim is the fact that he has established no policy or custom by either the City or County defendants which deprived him of a constitutional right so as to establish liability against them. Again, his claim, in his own words, is that the defendants were "part of the whole operation that went on that day." Collins Dep. at pp. 140-141). This interagency involvement alone is not a viable basis for liability under §1983. Accordingly, the City and County defendants are entitled to summary judgment.

**State Law Claim for Negligence**

Since this Court is granting summary judgment in favor of the defendants on all claims over which it had original jurisdiction the court has the discretion to dismiss the remaining state claims pursuant to 28 U.S.C. § 1367(c)(3). "A district court should consider and weigh the factors of judicial economy, convenience, fairness and comity in deciding whether to exercise jurisdiction over pendent state-law claims." *Wright v. Associated Insurance Companies, Inc.*, 29 F.3d 1244, 1250 (7th Cir. 1994) (citations omitted). "In the usual case in which all federal claims are dismissed before trial, the balance of these factors will point to declining to exercise jurisdiction over any remaining pendent state-law claims." *Id*.

This Court has considered the factors of judicial economy, convenience, fairness and comity and must conclude that the balance of these factors does not warrant that this Court

retain jurisdiction over a state-law claim. As the Seventh Circuit in *Wright* made clear "[a] district court should have a good reason for retaining jurisdiction and therefore should make a finding as to the balance of judicial economy, convenience, fairness and comity to justify retention." *Wright* at 1251. Here the Court finds no such good reason and plaintiff has provided none. The state law claims will therefore be dismissed without prejudice.

## Conclusion

On the basis of the foregoing, the Motions for Summary Judgment filed by the defendants are GRANTED with respect to plaintiff's federal claims and judgment shall be entered in favor of all of the defendants on those claims. The Motions to Strike are DENIED as MOOT.[5]  Plaintiff's state law claims are hereby DISMISSED WITHOUT PREJUDICE.

Entered this  _27th_ th day of January, 2006.

s/ William C. Lee, Judge
United States District Court

---

[5] The motions to strike relate to submissions by Collins which he alleges demonstrates his ownership of the motorcycle. Even assuming that these submission do raise a question of fact regarding Collins' ownership of the motorcycle, there remains no evidence that any of the defendants ever took possession of it. As a result, the motions to strike are DENIED as MOOT.